**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| GUY IVESTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:14-cv-00681-JMS-TAB |
| | ) | |
| LAURIE JOHNSON, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry on Pending Post-Judgment Motions**

**I.**
**Motion to Alter or Amend the Judgment**

On July 1, 2016, the Court denied Guy Ivester's petition for a writ of habeas corpus and entered Final Judgment that same date. Mr. Ivester moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

The purpose of a Rule 59(e) motion is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). To obtain relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013).

Mr. Ivester seeks to alter or amend the judgment with respect to all three claims the Court addressed on the merits in its July 1, 2016, Entry. As to each claim, Mr. Ivester maintains that the Court committed a manifest error of law or fact.

First, Mr. Ivester attempts to undermine the Court's decision with respect to his ineffective assistance of counsel claim based on his counsel's failure to obtain the identity of the confidential

information from whom Mr. Ivester purchased illegal drugs.  Mr. Ivester suggests that had his counsel identified the confidential informant, he would not have pled guilty because the informant would have allowed him to pursue a viable entrapment defense.

In this instant motion, Mr. Ivester argues that the Indiana Court of Appeals and this Court incorrectly based their decisions on the false premise that the underlying drug transaction occurred between Mr. Ivester and Detective Strong; instead, Mr. Ivester contends that the record shows the underlying drug "transaction actually occurred between the informant and Ivester."  [Filing No. 45 at 2.]  But the records to which Mr. Ivester cites show that there were multiple drug transactions: one between Mr. Ivester and Detective Strong and one between Mr. Ivester and an informant.  PCR Tr. at 92, 131.  Accordingly, it was not a manifest error for this Court to accept the Indiana Court of Appeals' statement that "the nature of the underlying transaction—*i.e.* a hand-to-hand transaction from Ivester to Detective Strong—renders the proposed observations of any other civilian witness exceedingly insignificant."  *Ivester v. State*, 2013 WL 4727536, *3 (Ind. Ct. App. 2013) (citation and quotation marks omitted).

Mr. Ivester also maintains that the informant's testimony was necessary to establish an entrapment defense because the informer appealed to Mr. Ivester's sympathy by telling Mr. Ivester that he needed the drugs because his friend was going through difficult withdrawal symptoms and Mr. Ivester knew how terrible such symptoms can be.  Mr. Ivester maintains that this is sufficient to establish improper inducement under the Supreme Court's decision in *Sherman v. United States*, 356 U.S. 369, 373 (1958).  As an initial matter, *Sherman* is easily distinguishable from this case, given that in *Sherman* there was not simply an appeal to sympathy by the informant but there were "recurring meetings" during which the informant attempted to overcome the defendant's initial "refusal," "evasiveness," and "hesitancy."  *Id.*

More importantly, as explained in the Court's Entry, under Indiana law, "[t]here is no entrapment if the State shows either (1) there was no police inducement, or (2) the defendant was predisposed to commit the crime." *Griesemer v. State*, 26 N.E.3d 606, 609 (Ind. 2015). The Indiana Court of Appeals relied on predisposition to conclude that there was no viable entrapment defense. Specifically, in drug cases, evidence that the defendant engaged in "multiple transactions" and had a familiarity with "drug . . . prices" are sufficient to prove predisposition, *Riley v. State*, 711 N.E.2d 489, 494 (Ind. 1999), and the Indiana Court of Appeals relied on the fact that there were multiple transactions, agreements as to price, and that one transaction occurred in Mr. Ivester's home, to show that the State could have easily shown predisposition. Mr. Ivester therefore could not established that he was prejudiced by his counsel's failure to obtain the identity of the confidential informant. Accordingly, the Indiana Court of Appeals reasonably applied *Strickland*'s prejudice prong, and Mr. Ivester has not shown that the Court made a manifest error of law or fact in concluding otherwise.

Second, Mr. Ivester challenges the Court's conclusion with respect to his ineffective assistance of trial counsel claim based on his counsel's failure to file a written, rather than make an oral, motion to withdraw his guilty plea. In his instant motion, however, Mr. Ivester merely reasserts the arguments the Court already rejected in its Entry denying habeas relief. As he did before, Mr. Ivester has failed to explain how he was prejudiced by his counsel's improper handling of the motion to withdraw his guilty plea because the trial judge stated several reasons why the motion would have been denied even if it was made in writing. Again, the Indiana Court of Appeals reasonably applied *Strickland*'s prejudice prong, and Mr. Ivester has not shown that the Court made a manifest error of law or fact in concluding otherwise.

Third, Mr. Ivester challenges the Court's decision regarding his claim that his guilty plea was involuntary because Mr. Ivester thought that the trial court's statement that he would not be "penalized" for pleading guilty at that time meant that he would not be sentenced to prison.  As explained in the Court's Entry, Mr. Ivester's claim that he was unaware of the potential penalties for pleading guilty is undermined by statements he made during the plea colloquy and his plea agreement.  Mr. Ivester has not presented any basis for this Court to conclude it made a manifest error of law or fact in deciding that the Indiana Court of Appeals reasonably concluded that his plea was not involuntary based on these facts.

For the foregoing reasons, Mr. Ivester is not entitled to relief under Rule 59(e).  His motion to alter or amend the judgment [dkt. 45] is therefore **denied**.

**II.**
**Motion to Proceed *In Forma Pauperis* on Appeal**

Mr. Ivester also seeks leave to proceed on appeal without prepayment of the appellate fees of $505.00.  An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915; *see Coppedge v. United States,* 369 U.S. 438 (1962).  "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard.  *See id.*  For the reasons set forth in this Entry and the Court's Entry denying habeas relief, there is no objectively reasonable argument the plaintiff could present to argue that the disposition of this motion was erroneous.  In pursuing an appeal, therefore, Mr. Ivester "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit."  *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).  Accordingly, his appeal is not taken in good faith, and for this reason his request for leave to proceed on appeal *in forma pauperis* [dkt. 47] is **denied**.

**III.**
**Motion for Certificate of Appealability**

Mr. Ivester requests a certificate of appealability. The Court already denied Mr. Ivester a certificate of appealability for the reasons set forth in its Entry denying him habeas relief. For those same reasons, his renewed request for a certificate of appealability [dkt. 48] is **denied**.

**IT IS SO ORDERED.**

Date: July 27, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

GUY JUNIOR IVESTER
205136
INDIANAPOLIS RE-ENTRY EDUCATIONAL FACILITY
401 North Randolph Street
Indianapolis, IN 46201

Electronically Registered Counsel